**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5052**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TERRELL E. ROBERSON,

            Defendant - Appellant,

      v.

DISTRICT OF COLUMBIA,

            Party-in-Interest.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:10-cr-00060-CMH-1)

Submitted: September 1, 2011        Decided: September 14, 2011

Before MOTZ, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Todd M. Richman, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Michael E. Rich, Assistant

United States Attorney, Michael J. Frank, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell E. Roberson appeals his convictions for carjacking, in violation of 18 U.S.C. § 2119 (2006); using and carrying a firearm during a violent crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006); and transporting stolen vehicles, in violation of 18 U.S.C. § 2312 (2006). Roberson challenges the district court's admission of testimony and refusal to give his proffered jury instructions. For the following reasons, we affirm.

Roberson argues that the district court abused its discretion when it denied his motion to strike a witness's testimony on the ground that the witness was inherently incredible in light of her prior false statements to the grand jury. Because it is not the function of the district court to sit as a gatekeeper and to shield the jury from evidence of questionable veracity, the district court properly submitted the issue of the witness's credibility to the jury. See United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007). Thus, we conclude that the district court did not abuse its discretion in denying Roberson's motion to strike. See United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (stating standard of review).

Next, Roberson asserts that the district court abused its discretion when it refused to give his proffered jury instructions. We "review[] jury instructions in their entirety

3

and as part of the whole trial . . . [to] determine . . . whether the [district] court adequately instructed the jury on the elements of the offense and the accused's defenses." United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995) (internal quotation marks omitted). Both the decision whether to give a jury instruction and the content of that instruction are reviewed for an abuse of discretion. United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009). The denial of a requested jury instruction is reversible error only if the proposed instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." Id. (internal quotation marks omitted).

        With these standards in mind, we have reviewed both the proffered jury instructions and the district court's charge to the jury in the context of the entire trial. We conclude that the substance of Roberson's proffered instructions was adequately covered by the district court's charge to the jury. Finally, our review of the record establishes that the district court's refusal to charge the jury with the exact text of Roberson's proffered instructions did not impair Roberson's ability to meaningfully mount his defense, as he thoroughly cross-examined the witness who admitted lying before the grand

4

jury, called impeachment witnesses, and presented a zealous closing argument attacking the witness's credibility.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED